# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**OWNERS INSURANCE COMPANY,**

   **Plaintiff,**

v.

**BRYSON JACKSON, et al.,**

   **Defendants.**

CIVIL ACTION FILE

No. 1:22-CV-04225-SCJ

## ORDER

This matter appears before the Court on Plaintiff Owners Insurance Company's Motion for Summary Judgment. Doc. No. [33].[1] The Court **GRANTS** this Motion because Defendants Brad Cantrell and Cantrell Tractor and Loader Service, LLC were sued by Defendant Bryson Jackson, but failed to "send the suit papers or summonses to Owners [Insurance]." Doc. No. [39-2], ¶ 20 (citing Doc. No. [33-4], ¶¶ 10–11). Neither Brad Cantrell nor Cantrell Tractor have justified

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

this delay. See generally id. ¶ 20 (failing to "send the suit papers or summonses," but lacking an excuse for the delay); see also Advoc. Networks, LLC v. Hartford Fire Ins. Co., 296 Ga. App. 338, 340, 674 S.E.2d 617, 619 (2009) (holding, as a matter of law, an unexcused "four-month delay" violates the duty to send summonses "immediately"). This "unexcused significant delay," Advoc. Networks, LLC, 296 Ga. App. at 340, 674 S.E.2d at 619 (cleaned up), resolves the matter because Owners Insurance conditions coverage upon Brad Cantrell or Cantrell Tractor forwarding "any correspondence, demands, notices, summonses or papers" relating to suits. Doc. No. [39-2], ¶ 9 (citing Doc. No. [33-2], 93, 95); see also Doc. No. [33-2], 41 (same).

## I. BACKGROUND

This case arose when Owners Insurance sued for a judgment that "it has no duty to defend or indemnify Defendants Parker Cantrell, Brad Cantrell, and Cantrell Tractor against the claims asserted in" Jackson's suit. Doc. No. [1], 18. His suit alleges Parker Cantrell "accidentally" fired a pistol "round that struck [Jackson's] leg," which was later amputated. Doc. No. [1-1], ¶¶ 14–16. Jackson and Parker Cantrell were riding in a truck driven by Cantrell Tractor's employee, the suit alleges. Id. ¶¶ 9–11.

Owners Insurance now moves for summary judgment, which only Jackson opposed. See Docs. Nos. [33] (moving for summary judgment); [39] (opposing summary judgment); [40] (replying to opposition). Owners Insurance also moved for default judgment against Parker Cantrell, Brad Cantrell, and Cantrell Tractor. Doc. No. [35]. A forthcoming order will address that motion.

## II.   LEGAL STANDARD

Summary judgment turns on (1) whether "the movant shows that there is no genuine dispute as to any material fact," and (2) whether "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.   ANALYSIS

Owners Insurance's Motion for Summary Judgment is **GRANTED** (Doc. No. [33]) and the Court explains its reasoning below.

### A.   No Genuine Dispute of Any Material Fact

There is "no genuine dispute of any material fact" because Jackson admits the following. See LR 56.1(B)(2)(a)(2), NDGa. (deeming facts admitted when not "refute[d]"). Parker Cantrell allegedly struck Jackson's leg with a pistol round while both rode in a truck driven by an employee of Cantrell Tractor. Doc. No. [39-2], ¶¶ 10. At the time, Owners Insurance covered Brad Cantrell and Cantrell

3

Tractor under two commercial insurance policies, an umbrella policy and a general liability policy. Id. ¶¶ 1–2 (citing Doc. No. [33-2], 64–115 (Umbrella); id., 7–62 (General Liability)). Brad Cantrell and Cantrell Tractor were served when Jackson later sued. Id. ¶¶ 11, 19. But neither Brad Cantrell nor Cantrell Tractor "sen[t] the suit papers or summonses to Owners [Insurance]." Id. ¶ 20.

As explained in Section III.B, these admissions alone resolve the matter. And none of Jackson's arguments can otherwise move the needle.

### B.     As a Matter of Law, No Duty to Defend or Indemnify

Owners Insurance has no duty to defend or indemnify Parker Cantrell, Brad Cantrell, or Cantrell Tractor. This is so because Brad Cantrell and Cantrell Tractor were sued by Jackson, but failed, without justification, to "send the suit papers or summonses to Owners [Insurance]." Id. ¶ 20. This failure is dispositive since coverage applies only if Brad Cantrell or Cantrell Tractor sent Owners Insurance "correspondence, demands, notices, summonses or papers" relating to suits. Id. ¶ 9 (citing Doc. No. [33-2], 93, 95); see also Doc. No. [33-2], 41 (same).

And "plain meaning" controls "when the provisions of an insurance policy are clear and unambiguous" under Georgia law. See Taylor Morrison Servs., Inc. v. HDI-Gerling Am. Ins. Co., 293 Ga. 456, 459–60, 746 S.E.2d 587, 590 (2013) ("[A]n

4

insurance policy is simply a contract."). Georgia law governs because the policies lack a choice of law provision (Doc. No. [33-2], 7–115) and diversity of citizenship establishes jurisdiction. Doc. No. [1], ¶ 6; see also Calderon v. Sixt Rent a Car, LLC, 114 F.4th 1190, 1200 (11th Cir. 2024) (noting federal courts apply "the substantive law of the forum state" while "sitting in diversity jurisdiction" (citations omitted)).

### 1. *Neither Brad Cantrell nor Cantrell Tractor Sent Summonses*

Brad Cantrell and Cantrell Tractor violated the duty to send summonses "immediately" (Doc. No. [33-2], 41, 95), because they never "sen[t] the suit papers or summonses to Owners [Insurance]." Doc. No. [39-2], ¶ 20. Brad Cantrell and Cantrell Tractor admit it, and Jackson does not dispute it. Id. What's more, neither justified this delay. Doc. No. [40], 15 (highlighting this lack of "justification"); see also Doc. No. [39], 8–11 (omitting any rebuttal to Owners Insurance's arguments about failure to send summonses).

And an indefinite delay without justification is "unreasonable as a matter of law." Advoc. Networks, LLC, 296 Ga. App. at 340, 674 S.E.2d at 619 (citations omitted). To be sure, as Jackson notes, whether "an insured gave an insurer timely notice of an event or occurrence under a policy generally is a question for

5

the factfinder." Doc. No. [39], 6 (quoting <u>Plantation Pipe Line Co. v. Stonewall Ins. Co.</u>, 335 Ga. App. 302, 306, 780 S.E.2d 501, 506 (2015)). But the court in <u>Plantation Pipe Line</u> continued: "Nevertheless, the facts and circumstances of a particular case may render an insured's delay in giving notice of an occurrence to his insurer unjustified and unreasonable as a matter of law." <u>Id.</u> (citation omitted). When, as here, the insured lacks an excuse, the exception captures an indefinite delay because it also captures a "four-month delay." <u>Advoc. Networks, LLC</u>, 296 Ga. App. at 340, 674 S.E.2d at 619. In each case, the delay is unreasonable and thus violates the duty to send summonses "immediately." <u>Id.</u>

### 2. *Each Policy Conditions Coverage on Sending Summonses*

The policies' text compels this conclusion. In its own terms, the umbrella policy conditions coverage on notice of suits, which Jackson does not dispute. Doc. No. [39], 8 (conceding the conditions are "condition[s] precedent to coverage" (citing Doc. No. [33-2], 93)); <u>see also</u> Doc. No. [39-2], ¶ 9 (admitting the same). Nor can he. The umbrella "policy is subject to [several] conditions," including sending "papers in connection with claims or suits to [Owners Insurance] without delay." Doc. No. [33-2], 93, 95.

So, too, with the terms of the general liability policy. Here, an "insured must . . . immediately send [Owners Insurance] any demands, notices, summonses or legal papers received in connection with the claim or suit." Id. at 41. This duty creates a condition precedent to coverage when coupled with the policy's "no action clause." Compare id. (noting Owners Insurance may not be sued, or otherwise brought into an action "asking for damages from an insured," "unless all of [these] terms have been fully complied with") with Progressive Mountain Ins. Co. v. Bishop, 338 Ga. App. 115, 117–18, 790 S.E.2d 91, 94 (2016) ("A general provision that no action will lie against the insurer unless the insured has fully complied with the terms of the policy will suffice to create a condition precedent." (citations omitted)).

Even the case Jackson's relies upon says the same. See Doc. No. [39], 6–7 (citing Plantation Pipe Line, 335 Ga. App. at 311, 780 S.E.2d at 510). In Plantation Pipe Line, an insured sued its insurer, contending that "the policy did not expressly make prompt notice a condition precedent to coverage." 335 Ga. App. at 302, 310, 780 S.E.2d at 504, 509. The trial court disagreed, granting the insurer's motion for summary judgment. Id. The appeals court reversed, in part, because the policy lacked "a general provision that no action will lie against [the insurer]

7

unless, a condition precedent thereto, [the insured] shall have fully complied with all the terms of the policy." Id. at 312–13, 780 S.E.2d at 511. In other words, the policy there lacked what is contained in the policy here. See Doc. No. [33-2], 41 (noting Owners Insurance's no action clause). In consequence, the no action clause in the general liability policy "suffice[s] to create a condition precedent" to coverage. Progressive Mountain Ins. Co., 338 Ga. App. at 118, 790 S.E.2d at 94 (citations omitted).

Moreover, the exception in the general liability policy that Jackson points to does not apply to notice of suits. Doc. No. [39], 7–8 (arguing an employee's failure "to provide practicable notice 'will not serve to deny' [Jackson's] claim" (quoting Doc. No. [33-2], 25)). This exception modifies "[p]aragraphs [a] and [b]" of the notice clause (Doc. No. [33-2], 25), however, the duty to send Owners Insurance "summonses or legal papers" comes in paragraph [c]. Doc. No. [33-2], 41.

Not only is this exception to notice irrelevant, but so is who owned the pistol that fired the bullet. Doc. No. [39-2], ¶ 10. Or who owned the truck that Parker Cantrell and Jackson occupied. Id. Jackson himself makes no argument how these two questions bear on any analysis. See generally Doc. No. [39]

(lacking any mention of "pistol" or "truck"). In short, Jackson only creates "false issue[s], the demolition of which is a primary goal of summary judgment." Akridge v. Alfa Ins. Cos., 93 F.4th 1181, 1196 (11th Cir. 2024) (citation omitted).

IV. **CONCLUSION**

For these reasons, the Court **GRANTS** Owners Insurance's Motion for Summary Judgment. Doc. No. [33]. The Clerk of Court is **DIRECTED** to enter judgment in favor of Owners Insurance **DECLARING** the following: Owners Insurance has no duty to defend or indemnify Parker Cantrell, Brad Cantrell, and Cantrell Tractor against the claims asserted in Jackson's suit in Greene County, Georgia.

**IT IS SO ORDERED** this 25th day of March, 2025.

_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**