IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA GEORGIA

OWNERS INSURANCE COMPANY,

    Petitioner,

v.                                                                          1:22:CV-04225-SCJ

BRYSON JACKSON et al.

    Respondents.

### DEFENDANT BRYSON JACKSON'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT

Respondent Bryson Jackson hereby timely moves the Court pursuant to Fed. R. Civ. P. 59 to reconsider the Judgment entered on March 26, 2025, in favor of Plaintiff Owners Insurance Company ("Owners"), to correct clear errors of law and to prevent a violation of his Seventh Amendment right to a jury trial, as follows:

The Court granted summary judgment to Owners based on a finding that Owners' insureds failed to timely provide Owners with copies of "suit papers or summonses" following service of the underlying complaint.  This holding came as an unfair surprise to Mr. Jackson, who lacked proper notice of such a claim because it was never pled in Owners' complaint.  Under these circumstances, the rule of law requires the Court to vacate the summary judgment ruling on reconsideration.

It is well-settled in the Eleventh Circuit that a plaintiff may not amend a complaint through argument raised for the first time at summary judgment. See *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 (11th Cir. 2012), abrogated on other grounds by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); see also *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) ("Having proceeded through discovery without amending (or seeking to amend) his complaint…, [plaintiff was] not entitled to raise [a new claim] in the midst of summary judgment."); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("[T]he proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).")

As the unamended complaint demonstrates, there is no allegation - much less a claim compliant with Rule 8 pleading standards - that Owners' obligations to its insureds depended on any delay between service of the underlying lawsuit on the insureds and Owners' receipt of suit papers or summonses. Instead, Owners sought a declaratory judgment on entirely different grounds. Specifically, Owners alleged it had no duty to indemnify or defend its insureds—who had already paid premiums for such coverage—in connection with four distinctly pled claims. The first two counts exclusively addressed whether Parker Cantrell qualified as an "insured." Counts III and IV concerned only whether the insureds violated a policy

condition requiring them to notify Owners of an "occurrence" or potential claim "as soon as practicable," based exclusively on events occurring nearly two years before the underlying suit was even filed. (See Complaint, Doc. 1)

WHEREFORE reconsideration and vacatur of the Judgment is required pursuant to Rule 59 because the Court awarded Owners summary judgment on unpled grounds in violation of the rule of law in this Circuit.

This 23rd day of April, 2025.

**JOHN BAKER LAW**

**/s/John Baker**
John Baker
GA Bar No. 033797
1551 Jennings Mill Rd.
Suite 3100B
Watkinsville, GA 30677
(706) 608-2406
John@JohnBakerLaw.com

*Attorney for Bryson Jackson*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1(B)

Pursuant to Local Rule 7.1(D), counsel hereby certifies that the foregoing has been prepared with a font and point selection approved by Local Rule 5.1(b) (specifically, Times New Roman, 14 point) and margins of at least one (1) inch pursuant to Local Rule 5.1(D).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing Response to Statement of Facts in this matter by electronically filing the same with the Court via the CM/ECF system to all counsel of record.

This 23rd day of April, 2025.

**JOHN BAKER LAW**

**/s/John Baker**
John Baker
GA Bar No. 033797
1551 Jennings Mill Rd.
Suite 3100B
Watkinsville, GA 30677
(706) 608-2406
John@JohnBakerLaw.com

*Attorney for Bryson Jackson*