IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: |
| | ) | 1:22-CV-04225-SCJ |
| BRYSON JACKSON, PARKER | ) | |
| CANTRELL, a minor, FREDRICK | ) | |
| BRAD CANTRELL, Individually, as | ) | |
| Next Friend and Guardian for Parker | ) | |
| Cantrell, and Agent for Cantrell Tractor | ) | |
| and Loader Service, LLC, and | ) | |
| CANTRELL TRACTOR AND | ) | |
| LOADER SERVICE, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**OWNERS INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO
DEFENDANT JACKSON'S MOTION FOR RECONSIDERATION**

Pursuant to Local Rule 7.2(E), Plaintiff Owners Insurance Company
("Owners") submits this response in opposition to Defendant Bryson Jackson's
Motion for Reconsideration (Doc. 46), respectfully showing the Court as follows:

**I. INTRODUCTION**

Defendant Jackson's Motion for Reconsideration is an improper attempt to
relitigate this Court's summary judgment ruling by raising a new argument that was
never presented in his response to Owners' motion (Doc. 39). The Eleventh Circuit

has consistently held that motions for reconsideration may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020).

As this Court expressly noted in its Order granting summary judgment, Defendant's response omitted "any rebuttal to Owners Insurance's arguments about failure to send summonses." (Doc. 43, p. 5). The Order confirms that the issue Defendant Jackson now raises for the first time in his motion for reconsideration was not previously addressed by Jackson, even though it was properly before the Court in Owners' summary judgment briefing. For this reason alone, the Motion for Reconsideration must be denied.

## II. ARGUMENT

Defendant Jackson now argues that summary judgment was improperly granted based on an unpled theory—namely, the insureds' failure to forward suit papers to Owners. However, Defendant Jackson never raised this argument in his opposition to summary judgment (Doc. 39) and has offered no explanation for why it was not raised earlier. It is well established that a motion for reconsideration cannot be used to present new arguments that were available but not pressed before judgment was rendered. *Wilchombe*, 555 F.3d at 957; *see also Hays v. Page Perry, LLC*, 92 F. Supp. 3d 1315, 1322-23 (N.D. Ga. 2015).

Indeed, Owners raised the late notice of suit papers as a defense in its summary judgment briefing and submitted sworn affidavits from Brad and Parker Cantrell confirming that the insureds did not forward any suit papers to Owners (Docs. 33-3, 33-4). The Court properly granted summary judgment based on the insureds' failure to forward the suit papers, which violated conditions precedent to coverage under both the commercial general liability policy and umbrella policy at issue. (Doc. 43, pp. 1-2, citing *Advoc. Networks, LLC v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (2009)).

Defendant Jackson cannot now invoke Rule 59 to relitigate old matters or raise new arguments that his counsel could have raised, but chose not to include in his response to Plaintiff's Motion for Summary Judgment. Courts routinely deny such motions where, as here, "the party fails to provide a reason for not raising the issue earlier." *Rance v. D.R. Horton, Inc.*, 316 F. App'x 860, 863 (11th Cir. 2009).

### III. CONCLUSION

For these reasons, Plaintiff Owners Insurance Company respectfully requests that the Court DENY Defendant Jackson's Motion for Reconsideration.

This 6th day of May, 2025.

                                    LAVENDER HOFFMAN EMERY, LLC


                                    /s/ Chad M. Brock
                                    Chad M. Brock
                                    Georgia Bar No. 357719
                                    *Attorney for Owners Insurance Company*

750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
Phone/Fax 404.400.4500
cbrock@lhefirm.com

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1(B)

Pursuant to Local Rule 7.1(D), counsel hereby certifies that the foregoing has been prepared with a font and point selection approved by Local Rule 5.1(b) (specifically, Times New Roman, 14 point) and margins of at least one (1) inch pursuant to Local Rule 5.1(D).

*/s/* Chad M. Brock
Chad M. Brock

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **OWNERS INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT JACKSON'S MOTION FOR RECONSIDERATION** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

Ben D. Fierman, Esq.                    John Baker, Esq.
Martin L. Fierman, Esq.                 JOHN BAKER LAW
FIERMAN LAW FIRM                        1551 Jennings Mill Rd.
296 North Main Street                   Suite 3100B
Madison, Georgia 30650-1313             Watkinsville, Georgia 30677
bdfierman@fiermanlawfirm.com            john@johnbakerlaw.com

and by First-Class U.S. Mail, postage prepaid, to the following parties of record:


Frederick Brad Cantrell                 Parker Cantrell
6050 S. Highway 15                      6050 S. Highway 15
Greensboro, Georgia 30642               Greensboro, Georgia 30642

Cantrell Tractor and
Loader Service, LLC
c/o Fredrick Brad Cantrell,
Registered Agent
6050 S. Highway 15
Greensboro, Georgia 30642

This 6th day of May, 2025.

*/s/* Chad M. Brock
Chad M. Brock