IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OWNERS INSURANCE COMPANY,

   Plaintiff,

v.

BRYSON JACKSON, PARKER
CANTRELL, a minor, FREDRICK
BRAD CANTRELL, individually, and as
Next Friend and Guardian for parker
Cantrell, and Agent for Cantrell Tractor
and Loader Service, LLC, and
CANTRELL TRACTOR AND LOADER
SERVICE, LLC,

   Defendants.

CIVIL ACTION FILE

No. 1:22-CV-04225-SCJ

## ORDER

This matter appears before the Court on Defendant Bryson Jackson's Motion for Reconsideration (Doc. No. [46]), to which Plaintiff responded in opposition (Doc. No. [48]). The motion is now ripe for review.

## I.    BACKGROUND

A thorough recitation of the facts is included in the Court's March 25, 2025 Order (Doc. No. [43]) and will not be repeated here. In short, this Action is a

declaratory action in which Plaintiff asks the Court to declare that it has no duty to defend or indemnify Defendants Parker Cantrell, Brad Cantrell, and Cantrell Tractor against claims asserted in Jackson's underlying suit.

On March 25, 2025, the Court granted Plaintiff's Motion for Summary Judgment. Doc. No. [43]. The Court granted summary judgment because Jackson did not dispute that that Brad Cantrell and Cantrell Tractor, when sued by Jackson, failed, without justification, to send the suit papers or summones to Plaintiff. Id. at 4. Plaintiff raised this failure as a basis for its Motion for Summary Judgment. Doc. No. [33-1], 8, 9, 17, 18. Yet, Jackson now contends that the Court's grant of summary judgment on this ground "came as an unfair surprise to Mr. Jackson, who lacked proper notice of such a claim because it was never pled in Owners' complaint." Doc. No. [46], 1.

## II.    LEGAL STANDARD

The decision to grant a motion for reconsideration is committed to the district court's sound discretion. Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Under Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. As indicated by the language of this rule, motions for reconsideration are not to be filed as a matter of course but only when "absolutely

2

necessary." Id.; Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557 (N.D. Ga. 1995). "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

III.   ANALYSIS

Given the narrow scope of motions for reconsideration, there are a variety of circumstances under which a motion for reconsideration is inappropriate. Parties may not use a motion for reconsideration as an opportunity to show the court how it "could have done it better." Pres. Endangered Areas of Cobb's History, Inc., 916 F. Supp. at 1560. Similarly, motions for reconsideration may not be used to present the Court with arguments already heard and dismissed or to repackage familiar arguments to test whether the Court will change its mind. Brogdon ex rel. Cline v. National Healthcare Corp., 103 F.Supp.2d 1322, 1338 (N.D. Ga. 2000); Johnson v. United States, No. Civ. A. 1:96-CV-1757-JOF, 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999). Also, and particularly applicable here,  a "reconsideration motion may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed

3

motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001) (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)). The motion must be denied if a party presents a motion for reconsideration under these circumstances. Brogdon ex rel. Cline, 103 F.Supp.2d at 1338.

Here, Jackson's Motion for Reconsideration raises arguments he could have and should have raised in response to the Motion for Summary Judgment. In sum, Jackson attempts to introduce new arguments to the Court that were available to him before the Court issued its Order. The Court finds that Jackson is attempting to have a second bite of the apple. The Court granted summary judgment to Plaintiff on the grounds directly raised in the motion. Jackson now seeks to raise arguments he could have raised in response to the motion in order to obtain a more favorable ruling on summary judgment. However, motions for reconsideration are inappropriate for testing legal theories that could have been brought in response to the original motion for summary judgment, 202 F.R.D. at 675 (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)).

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Jackson's Motion for Reconsideration (Doc. No. [46]).


IT IS SO ORDERED this _8th_ day of October, 2025.

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

5